UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GEZA TOTH for EUGENE TOTH,

                Plaintiff,

    — against —                            **MEMORANDUM and ORDER**

BOARD OF EDUCATION, QUEENS DISTRICT 25,      07 CV 3239 (SLT)(JO)
DIANE KAY, DISTRICT 25 SUPERINTENDENT,
LUCIUS YOUNG, PRINCIPAL, PS 163,

                Defendants.
-------------------------------------------------------------------X
**TOWNES, United States District Judge:**

        Subsequent to oral argument held on August 30, 2007, this Court denied plaintiff Geza Toth's motion for a Preliminary Injunction seeking an Order admitting Eugene Toth to the Dual Language Program administered by Public School 163 in Queens, New York. Pursuant to Fed. R. Civ. P. 59(e) and Local Rule 6.3, plaintiff now requests that this Court reconsider its Order denying preliminary injunction.[1] For the purpose of this motion, familiarity with the factual background of this action is assumed.

        Plaintiff raises several arguments for the Court's reconsideration. Plaintiff asserts that because he was applying for a governmental benefit, he had a right to due process; he maintains a liberty interest to acquire useful knowledge and to be free from state sponsored segregation; his

---

[1] Pursuant to Rule 59(e), litigants may move to alter or amend a judgment filed no later than 10 days after entry of the judgment. Plaintiff filed this motion within ten days of this Court's Order denying his motion for preliminary injunction and issuance of a temporary restraining order. In opposition to reconsideration, defendants note that Rule 59(e) is inapplicable here because no judgment has been issued. However, judgment, for purposes of the Federal Rules of Civil Procedure, "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Since an appeal from an interlocutory order granting, refusing, or refusing to dissolve an injunction, is permissible, an interlocutory order denying a preliminary injunction is a judgment within the meaning Rule 59(e). 28 U.S.C. § 1292(a)(1) ("courts of appeals shall have jurisdiction of appeals from ...[i]nterlocutory orders of the district courts of the United States, . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions"); *see Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400-01 (2d Cir. 2000).

right to a public school education is a property right; defendants failed to abide by their rules because defendants misrepresented to the court that admission to the dual-language program was determined by a lottery when, in fact, defendants held four lotteries; defendants modified the admissions procedure twice; defendants' admissions procedures did not provide sufficient process to safeguard the interest of students who had studied Mandarin outside the home; defendants' conduct evidences an intent to segregate because they reserved 50% of all seats in the program for applicants who learned Mandarin in the home; and due process entitles plaintiff to an objective standardized written test.

Local Civil Rule 6.3 requires a party moving for reconsideration to set forth "the matters or controlling decisions which . . . the court has overlooked." Local Civil Rule 6.3. A motion for reconsideration pursuant to either Rule 59(e) of the Federal Rules of Civil Procedure or Local Rule 6.3 will be granted if the moving party presents factual matters or controlling decisions the court overlooked that might materially have influenced its decision. *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Plaintiff has not demonstrated that this Court overlooked a controlling decision or material fact that would alter the outcome of the judgment rendered. Plaintiff's request for reconsideration repeats or reiterates in a slightly different manner the same arguments and principles presented in the original motion papers and at oral argument. Plaintiff raises arguments he could have easily raised when this Court considered plaintiff's motion for a preliminary injunction. For example, in his motion for reconsideration, plaintiff develops more fully the factual and legal details of his argument that the admissions procedure utilized by defendants violated due process. Although "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits,

or otherwise taking a 'second bite at the apple,'" this is all plaintiff seeks to achieve by moving for reconsideration. *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998). Similarly, plaintiff has not demonstrated that this Court should alter or amend the judgment to correct a clear error of law or prevent manifest injustice." *Munafo v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (internal quotations omitted).

With respect to plaintiff's new request that this Court order "an objective and independent examiner to administer to plaintiff a written verifiable test to determine whether he has sufficient proficiency in Mandarin to enter a Mandarin kindergarten classroom, and if the test shows proficiency, compelling the defendants to admit the plaintiff to PS 163," s*ee* Motion for Reconsideration at 10, this relief is not available upon a motion for reconsideration and is otherwise unwarranted.

Accordingly, plaintiff's motion for reconsideration is denied.

## CONCLUSION

Plaintiff's request for reconsideration of this Court's August 30, 2007 denial of plaintiff's motion for a preliminary injunction is denied.

SO ORDERED.

Dated: Brooklyn, New York
October 15, 2007

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge